

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00058-CR

---

TAMMY RENEE HANKS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-1419-12

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Tammy Renee Hanks appeals from her conviction in Smith County,[1] on an open plea of guilty, for possession of a controlled substance. She pled true to allegations of two prior convictions (burglary of a habitation in 1998 and possession of a controlled substance in 2008). Hanks was, therefore, sentenced as a habitual criminal, and the court assessed her punishment at thirty years' imprisonment.

Hanks' attorney on appeal has filed a brief which states that he has reviewed the record. Counsel summarizes the evidence elicited during the course of the proceeding and briefly explains the procedural history, stating that he has found no meritorious issues to raise on appeal. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Hanks June 24, 2013, along with a copy of his motion to withdraw and a letter. That letter informed Hanks of her right to file a pro se response and offered to provide her with a copy of the record should she choose to appeal. Counsel has also filed the motion with this Court seeking to withdraw as counsel in this appeal.

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (U.S. 2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court. [2]

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 16, 2013
Date Decided:       August 19, 2013

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.